UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSLIM COMMUNITY
ASSOCIATION OF ANN ARBOR,

           Plaintiff,                     Case No. 12-CV-10803

v.                                     Honorable Patrick J. Duggan

PITTSFIELD CHARTER TOWNSHIP,

           Defendant.
_____/

## OPINION AND ORDER REGARDING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER GRANTING NON-PARTY ZABA DAVIS'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

On April 15, 2014, non-party Zaba Davis filed a motion seeking: (1) to quash, pursuant to Federal Rule of Civil Procedure 45(d)(3), two subpoenas served on her by Plaintiff; (2) protection, pursuant to Federal Rule of Civil Procedure 26(c), from any objectionable discovery requests by Plaintiff; and (3) an award, pursuant to Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), of the costs and attorney fees that she reasonably incurred in bringing her motion. On July 2, 2014, Magistrate Judge David R. Grand issued an order granting all three requests.

Now before the Court are Plaintiff's objections to Magistrate Judge Grand's order. Davis filed a response to Plaintiff's objections and Plaintiff filed a reply. Plaintiff objects only to Magistrate Judge Grand's decision to award Davis

reasonable costs and attorney fees pursuant to Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5); Plaintiff does not object to the other two aspects of the Magistrate Judge's ruling. The Court has authority to modify or set aside the Magistrate Judge's order to the extent it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

Plaintiff contends that Magistrate Judge Grand's decision to award Davis reasonable costs and attorney fees under the expense-shifting provision of Federal Rule of Civil Procedure 37(a)(5) is erroneous for two reasons. First, Plaintiff argues that the Magistrate Judge relied on the wrong legal authority in granting Davis's request for costs and attorney fees. In particular, Plaintiff contends that the expense-shifting authority applicable here, if any, is Rule 45(d)(1) and not Rule 37(a)(5).[1] Second, Plaintiff argues that, even if expense-shifting is appropriate under Rule 37(a)(5), the Magistrate Judge erred by failing to consider whether Plaintiff's opposition to Davis's motion to quash and for protective order was "substantially justified" or whether "other circumstances make an award of expenses unjust," in which case expense-shifting would not be proper under Rule 37(a)(5).

---

[1] Whether expense-shifting is considered under Rule 37(a)(5) or Rule 45(d)(1) has practical consequences: Expense-shifting under Rule 37(a)(5) is mandatory, *United States v. Dynamic Visions Inc.*, --- F. Supp. 3d ----, 2015 WL 294378 (D.D.C. Jan. 23, 2015), while expense-shifting under Rule 45(d)(1) is discretionary. *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013).

Under Rule 37(a)(5), a court must award reasonable expenses to a party or non-party who successfully litigates a motion for protective order, unless the losing side shows that its position was "substantially justified" or "other circumstances make an award of expenses unjust."[2] Rule 45(d)(1) imposes a duty on an attorney or party invoking the Court's subpoena power to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and requires courts to enforce that duty through the imposition of "an appropriate sanction," including reasonable attorney fees.

Here, Magistrate Judge Grand both quashed subpoenas that imposed an undue burden on Davis and granted Davis's request for a protective order. Because Plaintiff unsuccessfully opposed a motion for a protective order, expense-shifting is appropriate under Rule 37(a)(5), unless Plaintiff demonstrates that its opposition to the motion was "substantially justified" or "other circumstances make an award of expenses unjust." In addition, because Davis successfully argued that Plaintiff's two subpoenas imposed an undue burden on her, sanctions may be appropriate against Plaintiff under Rule 45(d)(1), if it is determined that Plaintiff violated its duty to "take reasonable steps to avoid imposing undue burden

---

[2] Although Rule 37(a)(5), on its face, addresses expense-shifting only in the context of motions to compel discovery, Rule 26(c), the rule governing protective orders, incorporates Rule 37(a)(5)'s expense-shifting provisions. *See* Fed. R. Civ. P. 26(c)(3).

or expense" on Davis. In other words, on the facts here, expense-shifting is appropriately considered under either Rule 37(a)(5) (because Davis won on her request for a protective order) or Rule 45(d)(1) (because Davis won on her request that the subpoenas be quashed). *See* 7 Moore's Federal Practice § 37.23[11] (3d ed. 2014) ("[I]f a nonparty were to file [a motion for protective order] . . . and prevail, and if the court were to conclude that the party pursuing the discovery had resisted the motion without substantial justification, sanctions would appear to be appropriately based either on Rule 45(d)(1) or Rule 37(a)(5)(B)."); *Builders Ass'n of Greater Chicago v. City of Chicago*, No. 96-C-1122, 2002 WL 1008455, at *3 (N.D. Ill. May 13, 2002) ("A violation of the duty under Rule 45[(d)](1) may also be a violation of other rules relating to discovery.").

The Court acknowledges the authority on which Plaintiff relies demonstrating that an award of costs and attorney fees is "more appropriately considered" under Rule 45(d)(1), as opposed to under Rule 37(a)(5), where the sanctionable conduct involves the misuse of a court's subpoena power. *Georgia-Pacific LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 189-90 (S.D. Ohio 2010). The Court agrees with the proposition that, where more than one sanction provision applies, the one that is more narrowly-drawn to the factual situation at hand should be applied. Because Rule 45(d)(1), unlike Rule 37(a)(5), deals specifically with the misuse of a court's subpoena power, and because the

4

potentially sanctionable conduct here involves the misuse of this Court's subpoena power, Rule 45(d)(1) may be the more appropriate Rule under which to consider expense-shifting sanctions.

However, the Court is constrained by the standard governing its review of the Magistrate Judge's order. Even if Rule 45(d)(1) provides a "more appropriat[e]" basis for expense-shifting than does Rule 37(a)(5), the Court cannot conclude that the Magistrate Judge's reliance on Rule 37(a)(5) was "clearly erroneous" or "contrary to law" under the present circumstances. That said, the parties did not mention in their respective briefs on Davis's motion to quash and for protective order the possibility of utilizing Rule 45(d)(1) as the basis for an award of costs and attorney fees. Because the parties did not bring Rule 45(d)(1) to the Magistrate Judge's attention, he may not have had an opportunity to consider which Rule – Rule 37(a)(5) or Rule 45(d)(1) – provides the more appropriate basis for expense-shifting. For this reason, the Court will return the matter to Magistrate Judge Grand so that he can consider in the first instance whether to proceed under Rule 37(a)(5) or Rule 45(d)(1). If the Magistrate Judge chooses to proceed under Rule 37(a)(5), he should consider whether Plaintiff's actions were "substantially justified" and/or whether an award of expenses would be "unjust" under the circumstances. *See* Fed. R. Civ. P. 37(a)(5).

**SO ORDERED**.

Date:  January 29, 2015         <u>s/PATRICK J. DUGGAN</u>
                                UNITED STATES DISTRICT JUDGE

Copies to:
Gadeir I. Abbas, Esq.
Lena F Masri, Esq.
Thomas R. Meagher, Esq.
David Yerushalmi, Esq.
Robert J. Muise, Esq.