UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSLIM COMMUNITY
ASSOCIATION OF ANN ARBOR,

        Plaintiff,                  Case No. 12-CV-10803

v.                                 Honorable Patrick J. Duggan

PITTSFIELD CHARTER TOWNSHIP,

        Defendant.
_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S APRIL 24, 2015 SUPPLEMENTAL ORDER

On April 24, 2015, Magistrate Judge David R. Grand issued a supplemental order concluding that non-party Zaba Davis is entitled to reimbursement of reasonable fees and costs incurred in filing her April 14, 2014 motion to quash subpoena and for protective order. The Magistrate Judge determined that expense-shifting is appropriate under either Federal Rule of Civil Procedure 37(a)(5) or Rule 45(d)(1). On May 8, 2015, Plaintiff Muslim Community Association of Ann Arbor, doing business as Michigan Islamic Academy ("MIA"), filed objections to the Magistrate Judge's supplemental order, arguing that expense-shifting is not appropriate under either Rule.

The Court has authority to modify or set aside the Magistrate Judge's order to the extent it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The Court has thoroughly reviewed this matter, including MIA's objections to the Magistrate Judge's supplemental order and Davis's response thereto. For the reasons that follow, the Court concludes that the Magistrate Judge's decision to order expense-shifting under the present circumstances is not clearly erroneous or contrary to law.

The information sought from Davis by MIA through its subpoena was "any and all documents and correspondences" with Pittsfield Township, Pittsfield Township representatives, and "neighboring residents" regarding MIA's proposed project. Subpoena, Mot. to Quash at Ex. A (ECF No. 89-2). The Court agrees with MIA that Davis's correspondence with one particular Pittsfield Township representative (i.e., Deborah Williams, the Pittsfield Township Planning Commissioner who led an aggressive campaign opposing MIA's project) is relevant to the claims asserted in this lawsuit. As MIA argued extensively during the proceedings on Davis's motion to quash and for protective over, Davis's correspondence with Williams could shed light on why Williams, who supplied the tiebreaking vote to recommend denial of MIA's rezoning petition to the Township Board of Trustees, so vehemently opposed MIA's rezoning petition. Had the subpoena sought *only* Davis's correspondence with Williams, the Court would be

inclined to conclude that expense-shifting is inappropriate under Rule 37(a)(5) and Rule 45(d)(1).

However, MIA sought considerably more from Davis in its subpoena than merely her communications with Williams. In addition to Davis's communications with Williams, MIA sought Davis's communications with *all* Pittsfield Township representatives, and also her communications with "neighboring residents." MIA's theory of relevance with regard to these additional communications, *see* MIA's Resp. to Davis's Mot. to Quash/Protective Order at 11-12 (ECF. No. 95), is attenuated. The Magistrate Judge reasonably concluded that MIA was not "substantially justified" in seeking these additional communications and in opposing Davis's motion to quash and for protective order, Fed. R. Civ. P. 37(a)(5), and that MIA's request for such communications imposed an "undue burden" on Davis, Fed. R. Civ. P. 45(d)(1). *See* 4/24/15 Supp. Or. at 4-6. The Magistrate Judge's expense-shifting decision is entitled to deference and is not clearly erroneous or contrary to law. Therefore, MIA's objections to the Magistrate Judge's supplemental order are **OVERRULED**.

**SO ORDERED**.

Date: June 1, 2015

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Gadeir I. Abbas, Esq.
Lena F. Masri, Esq.

3

Thomas R. Meagher, Esq.
David Yerushalmi, Esq.
Robert J. Muise, Esq.


Copies to:
Gadeir I. Abbas, Esq.
Lena F. Masri, Esq.
Thomas R. Meagher, Esq.
David Yerushalmi, Esq.
Robert J. Muise, Esq.