UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSLIM COMMUNITY
ASSOCIATION OF ANN ARBOR,

        Plaintiff,                     Case No. 12-CV-10803

v.                                      Honorable Patrick J. Duggan

PITTSFIELD CHARTER TOWNSHIP,

        Defendant.
_____/

## ORDER REGARDING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is presently before the Court on the motion for reconsideration of Defendant Pittsfield Charter Township ("the Township"), filed on April 3, 2015. Plaintiff Muslim Community Association of Ann Arbor, doing business as Michigan Islamic Academy ("MIA"), filed a response on May 4, 2015. The Townships seeks reconsideration of the Court's March 20, 2015 decision granting summary judgment in its favor, with caveats, on both MIA's RLUIPA claims and its constitutional claims. *See Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Charter Twp.*, No. 12-CV-10803, 2015 WL 1286813 (E.D. Mich. Mar. 20, 2015). The Court granted summary judgment to the Township on the RLUIPA claims because MIA lacked an interest in the property at issue in this litigation that is

sufficient under RLUIPA's definition of "land use regulation," *see* 42 U.S.C. § 2000cc-5(5), and because MIA failed to ripen its claims by obtaining a final determination of the Zoning Administrator/Zoning Board of Appeals as to whether the proposed school can be built on the property as it is presently zoned. The Court granted summary judgment to the Township on MIA's constitutional claims based on the ripeness rationale applicable to the RLUIPA claims.

In awarding summary judgment to the Township, the Court included three caveats, two of which the Township challenges in its motion for reconsideration. First, the Court held that MIA may reassert its RLUIPA claims should it acquire a sufficient interest in the property, or, alternatively, the claims may be asserted by another person or entity with a sufficient interest in the property. The Court included this caveat because it would be unduly harsh to forever deprive the persons or entities with a sufficient interest in the property of the opportunity to vindicate their rights under RLUIPA.

Second, the Court held that the statute of limitations governing any potential assertion or reassertion of the RLUIPA and constitutional claims would be deemed tolled during the pendency of the present action, which lasted over three years. The Court included this caveat because the statutes of limitation governing the claims in this case are four years (for the RLUIPA claims) and three years (for the constitutional claims), *see Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986);

*Dayson v. Cass Cnty. Bd. of Comm'rs*, No. 12-CV-1307, 2013 WL 1500672, at *2 (W.D. Mich. Apr. 10, 2013); thus, because this action had been pending for more than three years, the Court was concerned that the statutes of limitation could preclude the assertion or reassertion of the claims brought in this case, a result the Court deems unjust under the present circumstances.

The Court continues to believe that MIA should be allowed to reassert its RLUIPA claims should it acquire a sufficient interest in the property. The Township has not demonstrated that the Court's decision allowing MIA to reassert its claims amounts to "a palpable defect by which the court and the parties have been misled." E.D. Mich. LR 7.1(h)(3). However, the Court lacks authority to, and therefore does not, dictate the circumstances under which a person or entity other than MIA may assert the claims brought by MIA in this case. Such persons or entities may assert such claims in accordance with the law governing those claims.

With regard to the second caveat, in lieu of tolling the limitation periods, the Court will allow MIA to reassert the claims brought in this case, if at all, within 90 days of the date on which the Zoning Administrator/Zoning Board of Appeals issues a final decision determining whether the proposed school can be built on the property as it is presently zoned.

Finally, the Township argues that the Court failed to recognize in its prior decision that MIA lacked Article III standing to bring its constitutional claims because it lacked an ownership interest in the property.[1]  However, the Township cites no authority demonstrating that an ownership interest is necessary to confer Article III standing.  The Court previously determined that MIA had "permission . . . to utilize the property" likely constituting a license.  2015 WL 1286813, at *9.  MIA alleged that the Township unconstitutionally prevented its lawful use of the property.  This constitutes a redressable injury-in-fact for purposes of Article III standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130 (1992).

For these reasons, the Court adheres to its prior decision except as described above.

**SO ORDERED**.

Date: June 1, 2015

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Gadeir I. Abbas, Esq.
Lena F. Masri, Esq.
Thomas R. Meagher, Esq.
David Yerushalmi, Esq.
Robert J. Muise, Esq.

---

[1] In its prior decision, the Court concluded that MIA had Article III standing to bring its RLUIPA claims, *see* 2015 WL 1286813, at *7 n.8, but did not explicitly address whether MIA had Article III standing to bring its constitutional claims.