UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSLIM COMMUNITY ASSOCIATION OF ANN ARBOR AND VICINITY, a/k/a MCA, a domestic nonprofit corporation, d/b/a Michigan Islamic Academy, a/k/a MIA,

Plaintiff,

v

PITTSFIELD CHARTER TOWNSHIP, a Michigan municipal corporation,

Defendant.

Case No: 12-CV-10803

Hon. Matthew F. Leitman, District Judge

Hon. David R. Grand, Magistrate Judge

Lena F. Masri (P73461)
CAIR Michigan
Legal Director
Attorney for Plaintiff
30201 Orchard Lake Rd., Suite 260
Farmington Hills, MI 48334
(248) 390-9784
lmasri@cair.com

Gadeir I. Abbas (VA #:81161)
The Law Office of Gadeir Abbas
Attorney for Plaintiff
1155 F Street NW, Suite 1050
Washington, DC 20004
(720) 251-0425
gadeir.abbas@gmail.com

Thomas R. Meagher (P32959)
Liza C. Moore (P72240)
Foster, Swift, Collins & Smith, P.C.
Attorneys for Defendants
313 S. Washington Square
Lansing, MI 48933
(517) 371-8161
tmeagher@fosterswift.com

**CONSENT JUDGMENT BETWEEN PLAINTIFF MUSLIM COMMUNITY ASSOCIATION OF ANN ARBOR AND VICINITY, D/B/A MICHIGAN ISLAMIC ACADEMY AND DEFENDANT PITTSFIELD CHARTER TOWNSHIP**

## RECITALS AND PREAMBLE

1. On February 22, 2012, MUSLIM COMMUNITY ASSOCIATION OF ANN ARBOR AND VICINITY, D/B/A MICHIGAN ISLAMIC ACADEMY ("MIA"), a domestic nonprofit corporation, by and through its attorneys, Council on American-Islamic Relations, Michigan ("CAIR-MI") and The Law Office of Gadeir Abbas, filed this lawsuit against Defendant Pittsfield Charter Township, a Michigan municipal corporation and political subdivision of the State of Michigan, based upon the denial of MIA's petition to the Township to amend/rezone an existing Planned Unit Development ("PUD") to allow the construction of an Islamic school. Pittsfield Charter Township denied all claims MIA alleged.

2. This Consent Judgment applies specifically to MIA's Second Amended Complaint, but to the extent, if any, that allegations or defenses to the Complaint or First Amended Complaint are or could be at issue, those allegations and defenses also are covered by this Consent Judgment.

3. As used in this Consent Judgment, "Plaintiff" means the named Plaintiff, "Muslim Community Association of Ann Arbor and Vicinity, a/k/a MCA, a domestic nonprofit corporation, d/b/a Michigan Islamic Academy, a/k/a MIA", and any and all persons or entities who have had, currently have, or may at any time have or make claim of right, title or interest in the Property; collectively those persons and entities are referred to as "MIA" or "Plaintiff." "Plaintiff" also includes the persons and entities identified in paragraph C of the Other Terms and Conditions, set forth at pages 7 and 8, below.

4. As used in this Consent Judgment, Defendant Pittsfield Charter Township is referred to as the "Township" or "Pittsfield Township" or "Defendant." Together, Plaintiff and Defendant are referred to as the "Parties."

5. MIA is a domestic nonprofit corporation doing business in Washtenaw County.

6. Pittsfield Township is a Michigan municipal corporation created under the laws of the State of Michigan.

7. The "Property" at issue in this lawsuit is generally located at the northeast corner of the intersection of Ellsworth and Golfside Roads in the Township. It is more fully described in **Exhibit A**.

8. The Property is currently zoned "PUD" or "Planned Unit Development" under the Township Zoning Ordinance, permitting development consistent with and set forth in the 1992 "Silverleaf PUD," identified in the Township records as #RZ-92-05.

9. On or about December 6, 2010, the Township received from Plaintiff an application designated by the Township as #RZ-10-04 to rezone the Property and/or amend the terms of the PUD in a fashion that would allow for development of a school on the Property.

10. The Township denied Plaintiff's request and Plaintiff filed this lawsuit asserting a variety of claims of wrongdoing by the Township. The Township denies all claims of wrongdoing.

11. This Court has subject matter jurisdiction over the matters raised in the Second Amended Complaint and has the authority and jurisdiction to enter this Consent Judgment. This Court has personal jurisdiction over the parties, and venue is proper.

12. The Parties have the authority to and have duly authorized the terms and conditions of this Consent Judgment.

13. MIA further represents that it has full authority to enter into this Consent Judgment on behalf of itself, its assignees and any other person or entity that has any interest in the Property and agrees that all such persons or entities are bound by this Consent Judgment.

14. All conditions precedent to giving effect to the terms and conditions of this Consent Judgment are in compliance with the procedural and substantive requirements of Michigan and Federal law.

15. The following are merged into this Consent Judgment: (a) all claims and defenses in the Parties' pleadings; and (b) all additional claims and defenses that the Parties could have asserted against each other as of the date of this Consent Judgment that relate to the subject matter of the Second Amended Complaint, including any attorneys' fees, costs, and expenses that might otherwise be billed, chargeable against, or awardable to any party based on statute, contract or otherwise to either party.

16. References in this Consent Judgment to the Agreed Upon Property Layout are to the certain Agreed Upon Property Layout, bearing the Block Title and seal of David Arthur Consultants, Inc. A copy of the Agreed Upon Property Layout is attached here as **Exhibit B**. The Agreed Upon Property Layout is on file at the Township.

17. The Parties have agreed to development, construction and use of the Property only as provided by this Consent Judgment, specifically including the construction of a school together with a residential development comprised of single-family detached and two-family attached dwellings—as reflected in the Agreed Upon Property Layout attached as **Exhibit B**.

18. The Parties agree to treat one another in good faith and that they will not take or omit any action that will interfere with the spirit or intent of this Consent Judgment. The Parties agree to cooperate in any efforts by Plaintiff to obtain governmental approvals required for the development, construction and use of the Property.

19. By approving this Consent Judgment, the court finds that there is sufficient common basis in the position of the parties; that all of the terms and provisions herein are to be

treated for all purposes as a Consent Judgment; that all of the terms and provisions herein are to have like effect; and that the Parties are to be bound by the terms of this Consent Judgment as if those terms were in a contract.

**THIS COURT ORDERS:**

**I. General Terms and Conditions.**

A. The above Recitals and Preamble are incorporated here as part of the Terms and Conditions of this Consent Judgment and Court Order.

B. Subject to the terms of this Consent Judgment, Plaintiff shall have the right to develop the Property consistent with the provisions of the Agreed Upon Property Layout (**Exhibit B**), which allows for the construction of a school, as defined on page 2:25 by Pittsfield Township's Zoning Ordinance adopted on May 14, 2015, and a residential development comprised of single-family detached and two-family attached dwellings, and so long as not contrary to the Agreed Upon Property Layout, and consistent with the terms of the Zoning Ordinance and the Silverleaf PUD (Township #RZ-92-05). In the event that there is a conflict between the terms of this Consent Judgment and the terms of the Zoning Ordinance and/or the Silverleaf PUD, the terms of this Consent Judgment shall control and supersede the terms of the Zoning Ordinance and/or the Silverleaf PUD.

C. The Property shall remain zoned PUD as presently shown on the Township's Zoning Ordinance map, subject to the changes set forth herein. However, nothing in this Consent Judgment shall prohibit or preclude the Township from subsequently amending its Zoning Ordinance including the zoning classification of the Property. Notwithstanding the Township's right to retain or amend the current zoning classification of the Property or amend the Zoning Ordinance, including the right to rezone the Property, MIA and its assignees shall at all

times have the right to develop, construct and use the Property as provided by this Consent Judgment and the Township shall not prevent or interfere with such right.

D. MIA's Agreed Upon Property Layout for the development, construction and use of the Property shall be reviewed and approved by the Township in a manner consistent with this Consent Judgment and conforming to the Zoning Ordinance.

E. MIA and/or its assignees shall have the right to build on the Property in phases, provided that each phase shall have adequate utilities and road access to serve each phase and not be contrary to the public health, safety, and welfare.

F. Prior to any construction on the parcel, MIA and/or its assignees shall develop the landscaping adjacent to adjoining residences, as detailed in the Agreed Upon Property Layout, so as to create a landscape buffer between further construction and existing residences (the "landscape buffer").

G. MIA and/or its assignees shall have the right to complete the landscape buffer in two phases. However, MIA and/or its assignees shall not undertake any non-landscaping development of the parcel until the landscape buffer is completed.

H. Within 90 days of Plaintiff receiving the settlement amount in full, Plaintiff shall provide to the Township a "best-estimate" construction schedule identifying at a minimum when site development and infrastructure work will begin and end, as well as a best estimate of when the Township will receive a final construction schedule regarding complete development of the entire parcel. The construction schedule shall include the identification of a construction sequence of site improvements which precede the construction of either the school or single-family detached and two-family attached dwellings. The construction sequence shall be as follows:

(1) Landscape the first nine hundred (900) feet west of the property line south of Ellsworth Road in accordance with item I. and item F. of this Consent Judgment.

(2) Mass grade up to the first nine hundred (900) feet south of Ellsworth Road.

(3) Install all utilities including sewer, water, stormwater facilities, gas and electric necessary to serve the first nine hundred (900) feet west of the property line south of Ellsworth Road

(4) Fine grade, stabilize and seed all disturbed areas.

(5) Install entrances and internal road system for up to first nine hundred (900) feet south of Ellsworth Road.

The construction schedule shall also identify a construction sequence for the balance of the site which is consistent with the construction sequence for the first nine hundred (900) feet south of Ellsworth Road. The site development and infrastructure work must begin no later than May 20, 2017, or as soon thereafter as practicable in the event that weather or other factors outside MIA's control prevent the commencement of construction. Plaintiff shall also have the right to construct a park, in accordance with this Consent Decree, in the open space designated as such by the Agreed Upon Property Layout near the cul de sac.

I. In pursuing the development of the Property as provided by this Consent Judgment, MIA must also comply with all other applicable county, State, and Federal statutes, ordinances, laws, rules, and regulations of the Township and their respective agencies and governmental authorities, including, but not limited to the Washtenaw County Water Resources Commissioner and the Washtenaw County Road Commission.

J. In the event that either the Road Commission or the Water Resource Commission require modifications to the Agreed Upon Property Layout, then, subject to the remaining terms of this Consent Judgment, the Township agrees to allow MIA and its assignees

to make those modifications and to allow for the construction of an equivalent school and equivalent residential development.

K. MIA agrees that all associated costs for any signal, pedestrian facilities and utility relocation shall be the sole responsibility of Plaintiff and its assignees.

L. Within thirty (30) days of the Board of Trustees voting to approve this Consent Judgment, the Township, or someone on its behalf, shall pay MIA One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000), inclusive of fees and costs of any kind, payable to "Muslim Community Association of Ann Arbor and Vicinity, a/k/a MCA, d/b/a Michigan Islamic Academy, a/k/a MIA and CAIR-MI Legal Fund IOLTA".

**II. Other Terms and Conditions.**

A. Health, Safety, and Welfare. This Consent Judgment provides for the proper regulation of the Property; is intended to benefit the health, safety, and welfare of the Township; and it allows for the reasonable development and regulation of the Property.

B. Authority. The Parties acknowledge and represent that (1) they have consulted with their respective legal counsel; (2) the terms of this Consent Judgment are fair, reasonable, and in accordance with Michigan and Federal law; (3) they have entered into this Consent Judgment voluntarily; (4) the land uses and regulations permitted herein are appropriate and reasonable; (5) this Consent Judgment is consistent with the public health, safety, and welfare of the Township; and (6) that the persons signing this Consent Judgment have been duly authorized to sign the same and to bind the party they are signing on behalf of, to all of the terms and conditions of this Consent Judgment.

C. Successors and Binding Effect. This Consent Judgment runs with the Property. This Consent Judgment is binding upon and for the benefit of Plaintiff and the Township,

both as defined here and in paragraphs 3 and 4 at page 1 above, and their employees, elected officials, agencies, boards and commissions, respective heirs, personal representatives, trustees, successors in interest and/or assigns, including successor governments and also shall include Plaintiff's personal representatives, trustees, related or affiliated entities, condominium associations, grantees, vendees, successors in interest and assigns without limiting the generality thereto.

D. Waiver of Rights. Any failure by the Township and/or MIA to insist upon any performance of any portion of this Consent Judgment shall not be deemed a waiver of the Township's and/or the MIA's right to demand strict compliance therewith in the future which is hereby preserved.

E. Good Faith. The Parties and all others identified throughout this Consent Judgment must act in good faith toward implementing this Consent Judgment.

F. No Admission of Liability. This Consent Judgment is the compromise of a disputed claim, and nothing herein may be construed as an admission of liability on the part of the Township. The Township makes no admission of having violated MIA's rights, and denies all such allegations. The Township enters into this Consent Judgment solely to end this litigation and all claims and disputes against the Township related to this matter in a cost-efficient and prudent matter.

G. Release of Claims. Subject to the terms of this Consent Judgment, Plaintiff releases and forever discharges the Township of and from all claims, including without limitation, all causes of action, debts, judgments, executions, damages, and rights that exist now or that may subsequently accrue by reason of the acts or events described in Plaintiff's lawsuit or existing on the date of this Consent Judgment (whether known or unknown on that date) including all appeal

rights. This Release of Claims does not release and/or bar proceedings to enforce this Consent Judgment and/or to seek such other rights and remedies as provided at equity and/or law in the event of a breach or default of the terms of this Consent Judgment, such rights and remedies being specifically preserved.

H. Amending this Consent Judgment. No term of this Consent Judgment may be amended without a Court order that may be entered upon the written stipulation of the Parties or a showing of good cause.

I. Severability. If any court of competent jurisdiction determines that any part of this Consent Judgment is unenforceable, such declaration shall not affect the remaining parts of this Consent Judgment provided that the term declared to be unenforceable is not material to the Consent Judgment and provided that the Parties shall agree to such other lawful term to carry out the intent of the term found to be enforceable.

J. Dismissal. Subject to the Court's retention of jurisdiction to enforce this Consent Judgment and upon payment of the One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000) as set forth above, this lawsuit will be dismissed with prejudice and without costs or fees. The provisions of the Consent Judgment, however, including but not limited to the provisions concerning the school and the residential development, shall remain enforceable upon petition to the Court if either party failed to comply with the Consent Judgment. This Consent Judgment resolves all claims and defenses the Parties asserted in the instant case, *Muslim Community Association of Ann Arbor and Vicinity v. Pittsfield Charter Township*, U.S. Eastern District Court Case No.: 12-CV-10803, and resolves all other claims and defenses the Parties knew of (or should have known of, or could have asserted against each other) as of the date of this

Consent Judgment that relate to the subject matter of this case or the items included in this Consent Judgment subject to the preservation of rights and remedies contained herein.

K. Recording this Consent Judgment. Upon the Court's entry of this Consent Judgment, MIA must record a true copy of this Consent Judgment with the Washtenaw County Register of Deeds. MIA bears the responsibility to so record and provide the Township with a copy of the recorded document after entry of the Consent Judgment.

L. Limited Retention of Jurisdiction. This Court retains its jurisdiction of this matter only for purposes assuring compliance with the terms of this Consent Judgment, to provide for enforcement of this Consent Judgment and to provide for such rights and remedies at law and/or in equity including claims for breach of contract in the event of a breach or default of this Consent Judgment by the Parties. The Parties shall among other remedies be entitled to the remedy of specific performance of the terms and conditions of this Consent Judgment.

M. Enforcing this Consent Judgment. If a party initiates proceedings arising from and related to this Consent Judgment, the successful party may recover costs and reasonable attorney fees in addition to such other applicable and available relief.

N. Entire Agreement. This Consent Judgment contains the entire agreement of the Parties. No agreements or negotiations, oral or otherwise, between the Parties that are not included herein shall be of any force of effect.

O. Signatures. This Consent Judgment may be executed in counterparts provided all signature pages and exhibits, if any, are attached.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2016

Approved as to form:

COUNCIL ON AMERICAN-ISLAMIC RELATIONS, MICHIGAN

BY: /s/ Lena Masri
LENA F. MASRI (P73461)
Legal Director
Attorney for Plaintiff
30201 Orchard Lake Rd., Suite 260
Southfield, MI 48075
Phone: (248) 559-2247

FOSTER, SWIFT, COLLINS & SMITH, P.C.

BY: /s/ Thomas Meagher
THOMAS R. MEAGHER (P32959)
LIZA C. MOORE (P72240)
Attorneys for Defendant
313 S. Washington Square
Lansing, MI 48933
Phone: (517) 371-8100

THE LAW OFFICE OF GADEIR ABBAS

BY: /s/ Gadeir Abbas
GADEIR I. ABBAS (VA #: 81161)
Attorney for Plaintiff
1155 F Street NW, Suite 1050
Phone: (720) 251-0425
*Licensed in Virginia, not in D.C.*
*Practice limited to federal matters*

Dated:

THE UNDERSIGNED PARTIES HAVE READ AND DO UNDERSTAND, AGREE, AND CONSENT TO THIS CONSENT JUDGMENT AND ALL ITS TERMS AND CONDITIONS. THE PARTIES ALSO REPRESENT THAT THEY HAVE OBTAINED ADVICE FROM COUNSEL AND ARE FREELY AND VOLUNTARILY CONSENTING TO THIS JUDGMENT

MUSLIM COMMUNITY ASSOCIATION OF ANN ARBOR AND VICINITY, A/K/A MCA, D/B/A MICHIGAN ISLAMIC ACADEMY, A/K/A MIA

07/28/2016

By: Jamal Al-Aref
MIA President

Subscribed and sworn to before me this
28 day of July, 2016

Notary Public:
County of ________, Michigan
My commission expires: ________ Oakland
Acting in ________ County, Michigan

CYNTHIA V. NOTARY PUBLIC, OAKLAND COUNTY, MY COMMISSION EXPIRES NOV 18 2021

PITTSFIELD CHARTER TOWNSHIP

By: Mandy Grewal
Supervisor, with authority granted by Township Resolution 16-46

Subscribed and sworn to before me this
____ day of ______________, 2016

Notary Public:
County of __________, Michigan
My commission expires: ____________
Acting in ____________ County, Michigan

# EXHIBIT A

## Property Description

Parcel Identification:
Parcel Number: L-12-13-100-016
Property Address Street Number, name & Direction: SILVERLEAF DRIVE
Township and County: TOWNSHIP OF PITTSFIELD, WASHTENAW COUNTY, MI
Legal Description:

NEW PLAT 2007 L36 PP 34 TO 45, PI 13-2B-1G-1A " REMAINDER " BEG AT NE COR SEC 13, TH N 86-47-00 W 640.53 FT, TH S 03-13-00 W 338.14 FT, TH S 55-08-25 W 45.69 FT, TH S 34-51-35 E 142.51 FT, TH N 55-08-25 E 90.34 FT, TH S 34-51-35 E 240.56 FT, TH S 02-45-04 E 257.45 FT, TH S 28-55-00 E 137.47 FT, TH S 00-02-32 E 106.44 FT, TH N 89-57-28 E 191.80 FT, TH S 00-02-32 E 104.00 FT, TH S 89-57-28 W 51.00 FT, TH S 00-02-32 E 92.23 FT, TH S 89-37-58 W 377.01 FT, TH S 06-51-43 W 103.94 FT, TH S 21-19-13 W 103.94 FT, TH S 35-46-44 W 103.94 FT, TH S 62-31-53 W 310.12 FT, TH N 79-38-17 W 323.26 FT, TH S 00-00-39 E 263.88 FT, TH S 87-33-08 E 1210.35 FT TO E/LN SEC 13, TH N'LY ALNG E/LN TO THE POB. PT OF NE 1/4 SEC 13, T3S-R6E. 25.52 AC SPLIT ON 06/15/2007 FROM L -12-13-100-015, L -12-13-100-004;

# EXHIBIT B

## Agreed Upon Property Layout







OVERALL PROPOSED PROPERTY LAYOUT

SCALE 1" = 100'






* NOTE: DO NOT SCALE DRAWING, USE PRINTED DIMENSIONS ONLY. IF DRAWING IS REPRODUCED IN A SIZE OTHER THAN 24" x 36", SCALE MAY DIFFER.


DAVID ARTHUR CONSULTANTS INC.

110 MAIN STREET
DUNDEE, MI 48131

PHONE
(734) 823-5080


MICHIGAN ISLAMIC ACADEMY
E. ELLSWORTH ROAD, PITTSFIELD CHARTER TOWNSHIP
WASHTENAW COUNTY, MICHIGAN

PROPOSED PROPERTY LAYOUT

| | |
|---|---|
| SCALE* | 1" = 100' |
| PLOT DATE | 7/08/16 |
| JOB NO. | 15-D-4044 |
| SHEET NO. | C.102 |